UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                           Criminal Case No. 16-20700
                                                                        Honorable Linda V. Parker

JEREMIAH CHEFF- D1,

      Defendant.
_____/

**OPINION AND ORDER (1) DENYING DEFENDANT'S MOTION TO DISMISS COUNTS SIXTY-TWO THROUGH SIXTY-FOUR (ECF NO. 61) AND (2) DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO ALLOW DEFENSE EVIDENCE AT TRIAL REGARDING DEFENDANT'S INTENT, LACK OF WILLFULNESS, AND STATE OF MIND (ECF NO. 62)**

On April 19, 2017, Defendant Jeremiah Cheff ("Defendant") was charged in a sixty-four count superseding indictment with various violations of federal tax laws. Presently before the Court are two motions filed by Defendant: (1) Defendant's Motion to Dismiss Counts Sixty-Two, Sixty-Three, and Sixty-Four (ECF No. 61); and (2) Defendant's Motion to Allow Defense Evidence At Trial Regarding Defendant's Intent, Lack of Willfulness, and State of Mind (ECF No. 62.) The Government filed responses to the motions. (ECF Nos. 65, 66.) For the reasons that follow, the Court is denying Defendant's motion to dismiss and is denying without prejudice Defendant's motion to allow evidence at trial.

# Defendant's Motion to Dismiss

In Counts Sixty-Two through Sixty-Four of the Superseding Indictment, Defendant is charged with willful failure to file income tax returns for calendar years 2013-2015 in violation of 26 U.S.C. § 7203. Defendant argues that these counts violate the Fifth and Sixth Amendments to the United States Constitution because they do not sufficiently define the offense charged. Specifically, Defendant contends that the indictment fails to point to the law requiring him to file a tax return.

The Due Process Clause of the Fifth Amendment "prohibits the Government from 'taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.'" *Beckles v. United States*, -- U.S. --, 137 S. Ct. 886, 892 (2017) (quoting *Johnson v. United States*, 576 U.S. --, 135 S. Ct. 2551, 2556 (2015)). Relatedly, the Sixth Amendment guarantees that, in all criminal proceedings, the accused shall have the right to be informed of "the nature and cause of the accusation." U.S. Const., Amend. VI. Federal Rule of Criminal Procedure 7(c)(1) therefore requires that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged …."

Section 7203 provides in relevant part:

> Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall … be guilty of a misdemeanor ….

26 U.S.C. § 7203. A number of Circuit Courts, including the Sixth Circuit, have held that this section is not unconstitutionally vague. *See United States v. Eagan*, 587 F.2d 338, 339 (6th Cir. 1978); *United States v. Pederson*, 784 F.2d 1462, 1463-64 (9th Cir. 1986); *United States v. Parshall,* 757 F.2d 211, 215 (8th Cir. 1985); *United States v. Moore*, 692 F.2d 95, 96-97 (10th Cir. 1979); *United States v. Lachmann*, 469 F.2d 1043, 1046 (1st Cir.), *cert. denied*, 411 U.S. 931 (1972); *United States v. Mind*, 466 F.2d 1000 (7th Cir.), *cert. denied*, 409 U.S. 915 (1972). Defendant nevertheless argues that his rights were violated because neither the statute nor the Superseding Indictment identify the law that required him to file income tax returns.

The Sixth Circuit rejected a similar argument made by the defendant in *United States v. Gaumer*, No. 93-4155, 1994 WL 269581568 (1994), concluding that citation to the law requiring the defendant to file a tax return is not required so long as the indictment satisfies the requirements of *Hamling v. United States*, 418 U.S. 87, 117 (1974). *Gaumer*, 1994 WL 269581, at *4 (citing *United States v. Kahl*, 583 F.2d 1351, 1355 (5th Cir. 1978)); *see also United States v. Spine*, 945 F.2d 143, 149 (6th Cir. 1991) (rejecting the defendant's argument that the government failed to identify the statute that imposed a legal duty upon him to pay income taxes where the government also alleged that the defendant had taxable income for the years in question, but did not file any tax returns). The Superseding Indictment charging Defendant with violations of § 7203, like the indictments in *Gaumer* and *Spine*, satisfies the requirements of *Hamling*.

In *Hamling*, the Supreme Court held that "[a]n information is sufficient if it contains the elements of the offense charged, fairly informs the defendant of the charge

3

against which he must defend, and enables the defendant to plead either an acquittal or conviction as a bar to subsequent prosecutions for the same offense." *Gaumer*, 1994 WL 269581, at *4 (citing *Hamling*, 418 U.S. at 117; *Kahl*, 583 F.2d at 1355). A violation for failure to file an income tax under § 7203 requires proof that: (1) the taxpayer had "an obligation to file a tax return"; (2) the taxpayer failed to file a return; and (3) the taxpayer's failure was willful. *See United States v. Harris*, No. 1997 WL 369439, at *9 (6th Cir. July 1, 1997) (citing *United States v. Foster*, 789 F.2d 457, 460 (7th Cir. 1986)); *see also Gaumer*, 1994 WL 269581, at *4 (quoting *United States v. Buckley*, 586 F.2d 498, 503-04 (5th Cir.1978), *cert. denied*, 440 U.S. 982 (1979)) ("The elements of the offense of failing to file an income tax return under 26 U.S.C. § 7203 'involve proof of failure to file and willfulness in doing so.'"). The Superseding Indictment includes these elements and otherwise fulfills the requirements of *Hamling*.

Counts Sixty-Two thru Sixty-Four of the Superseding Indictment allege that Defendant had gross income for the calendar year in question, that by reason of the gross income defendant was required by law to file a tax return for that calendar year, and that he willfully failed to do so. (*See* Superseding Indictment at ¶¶ 28-30, ECF No. 39 at Pg ID 139-40.) The counts also inform Defendant that his actions violated 26 U.S.C. § 7203.

For these reasons, there is no merit to Defendant's constitutional challenges to the indictment and the Court, therefore, is denying his motion to dismiss.

## **Defendant's Motion to Allow Evidence at Trial**

In this motion, Defendant contends that he should be allowed "to fully testify, and to offer into evidence relevant exhibits to prove his non-criminal intent." (Def.'s Br. in Supp. of Mot. at 3, ECF No. 62 at Pg ID 251.) The Government does not contest Defendant's right to testify and present evidence relevant to his state of mind. (Pl.'s Resp. Br. at 5, ECF No. 65 at Pg ID 274.) However, the Government contends that Defendant's presentation of such evidence must comport with evidentiary rules, such as Federal Rules of Evidence 403 and 803 and rules requiring a proper foundation for offered evidence.

Defendant devotes the majority of his brief in support of his motion to educating the Court about the rules of evidence and caselaw addressing the forms of evidence courts have allowed or disallowed in similar prosecutions. Defendant fails to share with the Court, however, the specific evidence he plans to present at trial. The Court is unable to rule on the admissibility of evidence without knowing exactly what the content and form of that evidence will be. Nevertheless, as the Government concedes, evidence relevant to Defendant's state of mind (i.e., willfulness) is relevant and will be admitted *provided* its admission is in conformity with the rules of evidence.

Therefore, the Court will rule on the admissibility of Defendant's proposed evidence at trial or the final pretrial conference once it is better informed of what that evidence is. In the meantime, it is denying Defendant's motion without prejudice.

## **Conclusion**

For the reasons stated, the Court holds that Counts Sixty-Two through Sixty-Four of the Superseding Indictment should not be dismissed as violating Defendant's constitutional rights. The Court is not able to decide Defendant's motion to allow evidence at trial at this time.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (ECF No. 61) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's motion to allow defense evidence at trial (ECF No. 62) is **DENIED WITHOUT PREJUDICE**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: December 15, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 15, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager