UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                        Criminal Case No. 16-20700
                                                          Honorable Linda V. Parker

JEREMIAH CHEFF- D1,

        Defendant.
_____/

## **OPINION AND ORDER STRIKING DEFENDANT'S PRO SE FILING**

On April 19, 2017, Defendant Jeremiah Cheff ("Defendant") was charged in a sixty-four count superseding indictment with various violations of federal tax laws. Defendant has been represented by counsel throughout these proceedings. Nevertheless, on March 30, 2018, the Court received a *pro se* document from Defendant (titled "Judicial Notice Private in Personal") in which Defendant seeks to seal documents and challenges the Court's subject matter jurisdiction. (ECF No. 80.) Because Defendant is represented by counsel, the Government filed a motion to strike his *pro se* filing on April 13, 2018. (ECF No. 81.)

A criminal defendant has a constitutional right to be represented by counsel or to represent himself during his criminal proceedings, but not both. *See United States v. Mosely*, 810 F.2d 93, 97 (6th Cir. 1987); *see also United States v. Flowers*, 428 F. App'x 526, 530 (6th Cir. 2011) (finding that the district court did

not abuse its discretion in rejecting the defendant's *pro se* motion where he was represented by counsel). "'The right to defend *pro se* and the right to counsel have been aptly described as two faces of the same coin, in that waiver of one constitutes a correlative assertion of the other.'" *Mosely*, 810 F.2d at 97 (internal quotation marks and citation omitted) (quoting *United States v. Conder*, 423 F.2d 904, 908 (6th Cir.), *cert. denied*, 400 U.S. 958 (1970)). The Sixth Circuit "has declined to consider *pro se* arguments where the defendant is represented," and has acknowledged that district courts within the Circuit do the same. *Flowers*, 428 F. App'x at 530 (citing cases).

The decision as to whether to allow "hybrid representation" is left to the trial court's discretion. *United States v. Green*, 388 F.3d 918, 922 (citing *Mosely*, 810 F.2d at 98). "A district court enjoys wide latitude in managing its docket and can require represented parties to present motions through counsel." *United States v. Tracy*, 989 F.2d 1279, 1285 (1st Cir. 1993).

As such, the Court is **GRANTING** the Government's motion to strike Defendant's March 30, 2018 *pro se* filing and is **STRIKING** the filing. Future *pro se* filings are similarly barred as long as Defendant continues to be represented by

counsel.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 2, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 2, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager