UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Criminal Case No. 16-20700-1
                                               Honorable Linda V. Parker

D1    JEREMIAH CHEFF,

    Defendant.
_____/

## OPINION AND ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE TO PERMIT INTRODUCTION OF SPOUSE'S MARITAL COMMUNICATIONS (ECF NO. 94)

Defendant Jeremiah Cheff ("Defendant") was charge by indictment with sixty counts of failing to account for and pay over payroll taxes, in violation of 26 U.S.C. § 7202; one count of corruptly endeavoring to obstruct the due administration of the Internal Revenue Laws, in violation of 26 U.S.C. § 7212(a); and, three counts of willful failure to file Forms 1040 for tax years 2013 through 2015, in violation of 26 U.S.C. § 7203. (ECF No. 93 at 2, PgID 420.) Presently before the Court is the Government's Motion in Limine to Permit Introduction of Spouse's Marital Communications. (ECF No. 94.)

"The common law . . . governs a claim of privilege . . . ." Fed. R. Evid. 501. Under common law, two spousal privileges are recognized: (1) the "adverse spousal testimony" privilege that prevents one spouse from being compelled to testify against

the other, and (2) the "confidential marital communications" privilege that pertains to private communications between spouses. *United States v. Porter*, 986 F.2d 1014, 1018 (6th Cir. 1993). The adverse spousal testimony privilege "may not be asserted after a marriage has been terminated."[1] *Id.* (citations omitted). The confidential marital communications privilege excludes confidential communications made by one spouse to the other during the marriage and may be asserted by either spouse. *Id.* (citation omitted).

Because Defendant and his wife divorced on December 4, 2017, he only has the ability to assert the confidential marital communications privilege. There are three prerequisites to asserting this privilege: (1) at the time of communication there must have been a marriage recognized as valid by state law; (2) the privilege applies only to "utterances or expressions intended by one spouse to convey a message to the other," and (3) the communication must be made in confidence. *Id.* (citations omitted). Some circuits do not apply this privilege to testimony about acts or conduct. *See, e.g.*, *United States v. Abram*, 171 Fed. Appx. 304, 310 (11th Cir. 2006) (unpublished); *United States v. Parker*, 834 F.2d 408, 411 (4th Cir. 1987); *United States v. Smith*, 533 F.2d 1077, 1078-79 (8th Cir. 1976). Also, the Sixth Circuit has recognized the "joint participant" exception to this privilege "[o]nly where spouses engage in conversations regarding joint ongoing or future patently illegal activity". *United*

---

[1] The adverse spousal testimony privilege may only be exercised by the testifying spouse. 986 F.2d at 1018 (citations omitted).

*States v. Sims*, 755 F.2d 1239, 1243 (6th Cir. 1985); *see United States v. Gray*, 71 Fed. Appx. 485, 489 (6th Cir. 2003) (unpublished).

Nicolette Cheff, Defendant's ex-wife, has pled guilty to her involvement in the Cheffs' failure to file Forms 941 and their willful nonpayment of payroll taxes to the IRS during the period of their marriage. As such, the Government contends that, under the joint participant exception to the confidential marital communications privilege, Ms. Cheff can testify about her and the Defendant's tax returns, IRS notices, income records, other documents related to Defendant's taxes and finances, and events and communications that took place between the Defendant, Ms. Cheff and the IRS. The Defendant, although not concurring in this motion, lodged no arguments against permitting Ms. Cheff from testifying to these facts. Rather, the Defendant has elected to reserve the right, if necessary, to object to these efforts under the confidential marital communications privilege during trial.

Accordingly,

**IT IS ORDERED**, that the Government's motion (ECF No. 94) is **GRANTED**.

**IT IS SO ORDERED**.

s/Linda V. Parker  
LINDA V. PARKER  
UNITED STATES DISTRICT JUDGE

Dated: May 1, 2019