UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                  Criminal Case No. 16-20700-1
                                                 Honorable Linda V. Parker

JEREMIAH CHEFF - D1,

       Defendant.
_____/

## OPINION AND ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE REFERENCE TO DEFENDANT'S POST-INDICTMENT TAX DEPOSITS (ECF NO. 93)

Defendant Jeremiah Cheff ("Defendant") was charge by indictment with sixty counts of failing to account for and pay over payroll taxes, in violation of 26 U.S.C. § 7202; one count of corruptly endeavoring to obstruct the due administration of the Internal Revenue Laws, in violation of 26 U.S.C. § 7212(a); and, three counts of willful failure to file Forms 1040 for tax years 2013 through 2015, in violation of 26 U.S.C. § 7203. (ECF No. 93 at 2, PgID 420.)

Presently before the Court is the Government's Motion in Limine to Exclude Reference to Defendant's Post-Indictment Tax Deposits. (ECF No. 93.) The Government contends that references to Defendant's post-indictment tax deposit of $43,627.65 should be excluded at trial because it is not relevant to his failure to account for and pay over payroll taxes. (*Id.* at 3–4, PgID 421–22.) Also, the

Government argues that any probative value is substantially outweighed by the confusion this evidence would cause to the jury. (*Id.*)

In response, Defendant contends that this evidence is relevant to his intent to commit the charged crimes—intent being a requisite element of all charges against him. Additionally, Defendant argues that the evidence is probative to the issue of whether his failure to make required tax payments pre-indictment were due to a lack of sufficient funds, and whether such a lack of funds was due to voluntary and intentional acts.[1] (ECF No. 97 at 2, PgID 471.) Accordingly, the admissibility of the contested evidence turns on its relevancy.

To be admissible, evidence must be relevant, that is, its probative value must not be substantially outweighed by the risk of unfair prejudice. Fed. R. Evid. 401, 402 & 403. The Defendant contends that the contested evidence is relevant to his defense theory; this theory, however, has been categorically rejected. "[T]he basis for *Poll's* creation of an additional element was effectively overruled by [the Supreme Court in] *Pomponio*." *United States v. Easterday*, No. CR-05-00150-

---

[1] Defendant cites *U.S. v. Poll*, which states "[t]o establish willfulness in failing to pay over taxes . . . [the] government must establish . . . that at the time payment was due [the] taxpayer possessed sufficient funds to enable him to meet his obligation or that the lack of sufficient funds on such date was . . . the result of a voluntary and intentional act . . . ." (ECF No. 97 at n. 2, PgID472 (citing *United States v. Poll*, 521 F.2d 329 (9th Cir. 1975), *superseded by rule as stated in United States v. Easterday*, No. CR-05-00150-CRB, 2007 WL 2023500, at *2 (N.D. Cal. July 12, 2007).)

CRB, 2007 WL 2023500, at *2 (N.D. Cal. July 12, 2007). To establish willfulness, the Government need only prove a voluntary, intentional violation of a known legal duty. *See,e.g.*, *United States v. Powell*, 955 F.2d 1206, 1210 (9th Cir.1992) (" 'Willfulness' in the context of criminal tax cases is defined as a 'voluntary, intentional violation of a known legal duty' . . . [It] need not include bad faith or bad purpose.") (citation omitted).

Defendant's post-indictment tax payment is an act committed long after his alleged crimes and indictment and, therefore, is not relevant. *See, e.g.*, *United States v. Ross*, 626 F.2d 77, 81 (9th Cir. 1980) ("conduct of defendant in the years subsequent . . . was not relevant to the charge that defendant had willfully failed to file tax returns"); *see also United States v. Pang*, 362 F.3d 1187, 1194 (9th Cir. 2004) (affirming district court's ruling that excluded evidence of belated tax payments while on trial for tax evasion); *United States v. Daniels*, No. 16-6331, 699 Fed. Appx. 469, 474 (6th Cir. June 27, 2017) (unpublished) ("intending to pay tax liability in the future does not vitiate willfulness under [tax evasion]"). All other evidence Defendant referenced in his motion[2] concerning his state of mind and actions at the time of the alleged crimes are clearly relevant to his willfulness and can be offered to the jury. The Court, however, finds that Defendant's post-

---

[2] Defendant is not excluded from presenting evidence regarding the financial struggles of his business, his state of mind, and his actions during the relevant time period of his alleged crimes.

3

indictment tax payment is irrelevant to his pre-indictment willfulness, and any reference to such at trial shall be excluded.

Accordingly,

**IT IS ORDERED**, that the Government's Motion in Limine to Exclude Reference to Defendant's Post-Indictment Tax Deposits (ECF No. 93) is **GRANTED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 2, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 2, 2019, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager
