UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

       Criminal Case No. 16-20700-1
       Honorable Linda V. Parker

JEREMIAH CHEFF - D1,

       Defendant.

_____/

## OPINION AND ORDER GRANTING WITH LIMITATIONS DEFENDANT'S MOTION IN LIMINE TO ALLOW EVIDENCE AT TRIAL REGARDING DEFENDANT'S INTENT, LACK OF WILLFULNESS, AND STATE OF MIND (ECF NO. 96)

Defendant Jeremiah Cheff ("Defendant") was charge by indictment with sixty counts of failing to account for and pay over payroll taxes, in violation of 26 U.S.C. § 7202; one count of corruptly endeavoring to obstruct the due administration of the Internal Revenue Laws, in violation of 26 U.S.C. § 7212(a); and, three counts of willful failure to file Forms 1040 for tax years 2013 through 2015, in violation of 26 U.S.C. § 7203. (ECF No. 93 at 2, PgID 420.) Presently before the Court is the Defendant's Motion in Limine to Allow Evidence at Trial Regarding Defendant's Intent, Lack of Willfulness, and State of Mind. (ECF No. 96.)

Defendant seeks to present evidence at trial on his intent, lack of willfulness, and state of mind.  Each of the charges brought against him require proof of specific intent.  To rebut the intent element, Defendant seeks to introduce evidence, not for its truth but for its effects on Defendant's state of mind, which would otherwise be excluded as hearsay.  To aid the Court in considering the potential evidence, Defendant has enumerated the content and form of evidence that he seeks to introduce at trial:

1. Defendant's testimony regarding his own intent;

2. Defendant's testimony regarding conversations with third parties (to the extent that the same relate to his intent);

3. Results of Defendant's internet research (that led him to "an understanding" of the law's requirements);

4. Books, writings, and other works of authors and legal literature (that led him to "an understanding" of the law's requirements).

(*Id.*)

Indeed, testimony regarding out-of-court statements not offered for the truth of the matter asserted does not constitute hearsay. *See* Fed. R. Evid. 801(c); *see also Ohio v. Roberts*, 448 U.S. 56 (1980).  Additionally, an established exception to the hearsay rule are statements of the declarant's then existing state of mind. *See* Fed. R. Evid. 803(3); *see also United States v. Gaumer*, 972 F.2d 723 (6th Cir.

1992). And the Government does not contest the Defendant's ability to introduce evidence of this type so long as it is not offered for the truth of the matter asserted and "a limiting instruction is [given to the jury] to ensure that such factual matters are to be considered solely on the issue of the declarant's mental state and not for the truth of the matters". (ECF No. 100 at 3, PgID 484 (quoting *United States v. Brown*, 490 F.2d 758, 763 (D.C. Cir. 1973))).

Accordingly,

**IT IS ORDERED**, that Defendant's motion (ECF No. 93) is **GRANTED** with the following instructions and limitations:

- The Defendant **shall be permitted** to introduce his own testimony regarding his intent and state of mind at the time of the alleged crimes;

- The Defendant **shall be permitted** to introduce his own testimony regarding his conversations with third parties, but only to the extent that they relate to his intent and state of mind;

- The Defendant **shall be permitted** to introduce his own testimony regarding his understanding of past internet search results, books, writings, and other works of authors and legal literature, but only to the extent that they relate to his intent and state of mind;

- The Defendant **shall not introduce** any documentary evidence including but not limited to internet search results, books, writings, and other works of

authors and legal literature, as this is excludable hearsay, **unless (1)** he first lays a proper foundation demonstrating actual reliance upon the material sought to be introduced, **and (2)** the Court determines the admissibility of the same, considering whether it might cause unfair prejudice, confusion, undue delay, or is needlessly cumulative, pursuant to Federal Rule of Evidence 403.  Any documentary evidence introduced without the proper foundation and/or without the Court's determination of its admissibility **shall be excluded**.  The Court may, in its discretion, permit or disallow a party to summarize and/or quote certain portions of documentary evidence;

- The Defendant **shall not introduce** third-party testimony about his beliefs and/or memory, as this is excludable hearsay;

- The Court shall provide a limiting instruction to the jury informing them that the testimony of concern here is only to be considered as it pertains to the Defendant's beliefs and/or state of mind at the time of the alleged crimes, and that none of the testimony is evidence of the law as it stands; and

- The Court shall provide a limiting instruction to the jury as necessary to prevent any confusion or prejudice that might arise from the introduction of

- testimony regarding extraneous facts.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 2, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 2, 2019, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager