UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                        Criminal Case No. 16-20700-1
v.                                       Honorable Linda V. Parker

JEREMIAH CHEFF,

        Defendant.
_____/

**<u>OPINION AND ORDER (1) DENYING DEFENDANT'S "GREAT WRIT OF HABEAS CORPUS AND MOTION FOR APPELLANT BOND" (ECF NO. 161); (2) DENYING AS MOOT DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i) (ECF NO. 155); AND (3) DENYING DEFENDANT'S FOIA REQUESTS (ECF NOS. 153 & 160)</u>**

       Following a jury trial, Defendant Jeremiah Cheff was found guilty of: (i) 60 counts of Willful Failure to Account For and Pay Over Payroll Tax in violation of 26 U.S.C. § 7202; (ii) one count of Corruptly Endeavoring to Impair and Impede the Due Administration of the Internal Revenue Laws in violation of 26 U.S.C. § 7212(a); and (iii) three counts of Willful Failure to File a Tax Return in violation of 26 U.S.C. § 7203.  On September 3, 2019, this Court sentenced Defendant to a total term of imprisonment of 27 months, followed by a two-year term of

supervised release. Presently before the Court are the following motions filed by Defendant:

- "Great writ of Habeas Corpus and Motion for Appellant Bond" filed June 21, 2020 (ECF No. 161);

- Two requests under the Freedom of Information Act ("FOIA") filed June 21 and 30, 2020 (ECF Nos. 153, 160); and,

- A Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed July 25, 2020 (ECF No. 155).

For the following reasons, Defendant's motions are denied or denied as moot.

In his request for the writ of habeas corpus and an appellant bond, Defendant claims that he is an "American National" not subject to any federal or state law and that he cannot be forced to pay taxes. (ECF No. 161.) Defendant further asserts that federal entities lack authority to arrest, imprison, or otherwise detain him. (*Id.*) Defendant therefore asks the Court to dismiss his case and release him from prison. (*Id.*)

Defendant is free to call himself an "American National." However, like any other person regardless of citizenship, he is not free to disregard state or federal laws. His motion is therefore frivolous.

Defendant has filed two documents, labeled as FOIA requests, in which he asks the Court to provide him with various information, such as: (i) an affidavit from the party injured by his conduct; (ii) an affidavit supporting the search

warrant for his home; (iii) the prosecuting attorneys' oaths of office and evidence that they, as well as the Court and its clerk, are licensed to practice law in Michigan; (iv) the entire grand jury transcript; and, (v) a copy of the applicable rules and regulations "for your agency".[1] (ECF Nos. 153, 160.) The federal courts are not subject to FOIA's disclosure requirements, however. *See* 5 U.S.C. § 551(1)(B) (defining "agency" as excluding the federal courts); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (6th Cir. 1983) ("The Freedom of Information Act specifically exempts the federal courts from its disclosure requirements.").

Moreover, "the Supreme Court [has] stated that 'every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.'" *Brown & Williamson*, 710 F.2d at 1177 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). Defendant is seeking information to support his belief that the prosecutors lacked jurisdiction to try him and that this Court lacked jurisdiction to preside over the criminal proceeding. (*See* ECF No. 160 at Pg ID 1752.) As indicated above, Defendant's assertions are frivolous and thus the Court would decline to provide Defendant with the requested materials even if they were in its possession.

---

[1] Presumably this last request relates to the IRS, however, the FOIA request is addressed to the United States District Court. (ECF No. 153.)

Lastly, Rule 6(e) of the Federal Rules of Criminal Procedure "codifies the traditional rule of grand jury secrecy." *United States v. Sells Eng'g*, 463 U.S. 418, 425 (1983). The rule "reflects a 'strong' and 'long-established policy' from which departures are permitted, the Supreme Court has said, only in cases of 'compelling necessity;' i.e., where there is proof that without access to the grand jury materials a litigant's position would be 'greatly prejudiced' or 'an injustice would be done.'" *In re Grand Jury Proceedings*, 841 F.2d 1264, 1267–68 (6th Cir.1988) (quoting *United States v. Procter & Gamble*, 356 U.S. 677, 681-82 (1958)). "The need for secrecy continues … even after the grand jury has dissolved, ... [or] the persons indicted by the grand jury have pleaded guilty [or been convicted]…[.]" *Id*. at 1268 (internal citations omitted). Defendant has not demonstrated a "compelling" need for the grand jury transcripts or that "great[] prejudice" or "injustice" will occur if they are not disclosed.

In his final pending motion, Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 155.) Defendant asks to be placed on home confinement for the duration of his sentence and cites the COVID-19 pandemic and his medical conditions (hypertension and obesity) as extraordinary and compelling reasons to reduce his sentence. During the pendency of Defendant's motion, however, the Bureau of Prisons granted his administrative request to be released to home confinement and he has been released from prison.

*See* <https://www.bop.gov/inmateloc/>. Therefore, Defendant's motion (ECF No. 155) is moot.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 155) is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that Defendant's "Great Writ of Habeas Corpus and Motion for Appellant Bond" (ECF No. 161) and FOIA requests (ECF Nos. 153, 160) are **DENIED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 24, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 24, 2020, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager